{¶ 33} I respectfully concur with this thought. I agree that each parent in this matter provided the specific visitation and access called for by the shared parenting agreement. However, the evidence before the trial court did indeed indicate that the mother in this situation was much more willing to allow additional visitation for the father upon his request and that the reverse was not true. The opinion seems to be concerned that, because the actual visitation schedule was complied with, the trial court could not consider the fact that the one parent was much more flexible and willing to accommodate requests beyond the actual visitation schedule than the other. However, R.C.3109.04(E)(2)(f) shows this to be an issue which the court may consider. Specifically, 3109.04(F)(2)(b) states "the ability of each parent to encourage the sharing of love, affection, andcontact between the child and the other parent[,]" (Emphasis added.) With that concept in mind, I concur.
Grendell, J., concurring in judgment only.
 {¶ 34} Although I agree with the result ultimately reached by majority to affirm the decision of the court below, the majority's analysis of certain issues is incorrect. In particular, the majority opinion's position regarding the "change of circumstances" precipitating the modification of the shared parenting agreement is not consistent with factual record and the relevant law.
 {¶ 35} The majority writes that "the existing fifty-fifty split of visitation is not conducive to a school-age child's schedule" and, therefore, "the trial court properly concluded that a change in circumstances had occurred and that a modification of the shared parenting decree was necessary to serve the best interest of the child." The majority also writes that "[t]he magistrate's conclusions of law stated that, pursuant R.C. 3109.04(E)(1)(a), there had been change or circumstances to-wit: the child had now reached school age." The majority's opinion creates the false impression that merely because William has begun attending school, a "change in circumstances" has occurred warranting a modification of the shared parenting agreement.
 {¶ 36} Contrary to the impression created by the majority opinion, the magistrate did not state that a change of circumstances had occurred because the child "had now reached school age." The magistrate found that a change of circumstances had occurred, but did not expressly identify the changed circumstances. In his findings of fact, the magistrate states that, since the shared parenting plan went into effect, both parties have moved to different school districts approximately thirty miles apart from each other and that, therefore, it is no longer practical for the parties to continue sharing custody of the child on alternating weeks. It is this fact that the parties now live at such a distance from each other that the child is no longer able to attend the same school consistently which constitutes a change in circumstances, not the fact that he has reached school age.
 {¶ 37} This clarification is necessary because a child's attainment of school age, in and of itself, does not constitute a "change of circumstances" under Ohio law. R.C. 3109.04(E)(1)(a) provides that a "court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the priordecree or that were unknown to the court at the time of the priordecree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree * * *." (Emphasis added.) Obviously, the fact that the child would one day attend school was known to the court as well as to both parties at the time of the prior decree. Therefore, this fact, without more, cannot constitute a change of circumstances.
 {¶ 38} The Twelfth Appellate District has recognized the baleful implications of allowing a modification of custody every time a child begins a new school: "We doubt the legislature intended for any school change to constitute a change of circumstances in the child warranting a change of custody. Were it so, any nonresidential parent would seek custody based solely upon a strong relationship and the fact that the child would be entering kindergarten, first grade, junior high school, or high school. Granting a change of custody solely upon those grounds would foster rather than prevent a constant relitigation of the issues already determined by the trial court in its prior custody order." Allgood v. Allgood (Oct. 25, 1999), 12th Dist. No. CA98-12-156, 1999 Ohio App. LEXIS 4965, at *14 (citation omitted).
 {¶ 39} This court has held that the "change in circumstances need not be substantial but must be a change of substance." Inre Powell (June 8, 2001), 11th Dist. No. 2000-L-044, 2001 Ohio App. LEXIS 2569 at *14. A child's aging alone is insufficient. Id. (Citation omitted). Consistent with this principle, Ohio courts have held that a change of circumstances does not occur merely because a child comes of age for attending school. In the cases where the court has considered a child's commencement of school at all, there have always been additional circumstances supporting the finding of a change of circumstances. See, e.g.,Davis v. Flickinger, 77 Ohio St.3d 415, 420, 1997-Ohio-260
(child's commencement of school may constitute a change of circumstances "when combined with hostility between the parents that adversely affects the visitation or custody arrangements");Davis v. Davis, 7th Dist. No. 99-JE-65, 2000-Ohio-2584, 2000 Ohio App. LEXIS 5011, at *4-*5 (divorce decree expressly provided that custody issue should be reviewed prior to the child entering kindergarten); Carter v. Carter, 3rd Dist. No. 16-99-02, 1999-Ohio-904, 1999 Ohio App. LEXIS 4892, at *8-*9 (the fact that the children started their school education was one of several factors supporting a change in circumstances); In re Edgington,
3rd Dist. No. 3-99-07, 1999-Ohio-794, 1999 Ohio App. LEXIS 2579, at *6 (change of circumstances existed where, upon entering school, child was discovered to be developmentally challenged).
 {¶ 40} The majority's analysis is also flawed because it fails to recognize that, under Ohio law, it is not necessary to find a change in circumstances in order for a court to modify a shared parenting agreement. R.C. 3109.04(E)(2)(b) states that a "court may modify the terms of the plan for shared parenting * * * upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both parents under the decree." The obvious import of this provision authorizes a court to modify a shared parenting decree solely upon finding that it would be in the best interest of the child to do so. As the Seventh District has stated, "[i]t is clear * * * that a shared parenting agreement is treated differently than a custody decree arising out of adversarial litigation. * * * [U]nder R.C. 3109.04(E)(2), the trial court was only required to find that terminating the shared parenting agreement was in the best interests of the child. And findings concerning a change in circumstances were superfluous * * *." Myers v. Myers, 153 Ohio App.3d 243,2003-Ohio-3552, at ¶ 40. Also, Bauer v. Bauer, 12 Dist. No. CA2002-10-083, 2003-Ohio-2552, at ¶ 13 ("a modification of the terms in a shared parenting agreement only requires a finding that it be in the best interest of the child under R.C.3109.04(E)(2)(b)"); In re Beekman, 4th Dist. No. 03CA410,2004-Ohio-1066, at ¶ 14 ("the plain language of the statute [R.C.3109.04(E)(2)(b)] permits modification of a shared parenting plan upon a finding that the proposed modifications are in the best interest of the child, and does not require a finding that the child's circumstances have changed since the prior decree"); cf.Porter v. Porter, 9th Dist. No. 21040, 2002-Ohio-6038, at ¶ 8 (holding that modifying a plan by designating a residential parent for school purposes does not involve a reallocation of parental rights and may be effected through R.C.3109.04(E)(2)(b)).
 {¶ 41} In the present case, the lower court modified the shared parenting plan by designating appellee the "residential parent for school purposes." Appellant remains a residential custodial parent during non-school periods. Although the lower court made a finding of a change in circumstances, this finding was not necessary under R.C. 3109.04(E)(2)(b) and was, in effect, superfluous. It is equally unnecessary for this court to include a finding regarding the change of circumstances in its own analysis. It is especially unnecessary for this court to do so in a way that confuses the law as to what constitutes a legitimate change of circumstances.